Alejandro **RAMIREZ–GALLARDO,** aka Bertin Gallardo, aka Elmochomo Moniker, aka Bertin Ramirez Gallardo, Petitioner,

v.

Eric H. **HOLDER, Jr.,** Attorney General, Respondent.

No. 12–73711.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2014.*

Filed Oct. 20, 2014.

Sanjay Sobti, Esquire, Corona, CA, for Petitioner.

Brendan Paul Hogan, Esquire, OIL, U.S. Department Of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, GOULD, and BERZON, Circuit Judges.

MEMORANDUM **

Alejandro Ramirez–Gallardo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir. 2006), and review de novo due process claims, *Hamazaspyan v. Holder,* 590 F.3d 744, 747 (9th Cir.2009). We deny the petition for review.

The record does not compel the conclusion that Ramirez–Gallardo established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Thus, we deny the petition for review as to Ramirez–Gallardo's asylum claim.

Substantial evidence supports the agency's determination that Ramirez–Gallardo failed to establish past persecution or a fear of future persecution on account of a protected ground. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004) (random criminal acts bore no nexus to a protected ground); *Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir.2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Ramirez–Gallardo's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of Ramirez–Gallardo's CAT claim because he failed to demonstrate it is more likely than not he would be tortured at the instigation of, or with the acquiescence of the Mexican government. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008).

Finally, we reject Ramirez–Gallardo's due process claims because the record does not support his contentions of IJ bias or error by the BIA. *See Lata v. INS,* 204

F.3d 1241 (9th Cir.2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**